UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TRACYE M. GREENE,                )
                                 )
        Plaintiff                )
                                 )
v.                               )     No. 2:10-cv-486-GZS
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
        Defendant                )

## REPORT AND RECOMMENDED DECISION

The plaintiff, despite having received a "fully favorable" decision from the defendant on her March 3, 2008, application for Social Security Disability ("SSD") benefits, contends that the commissioner failed to follow his own regulations in refusing to reopen her earlier application for both SSD and Supplemental Security Income ("SSI") benefits. Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 12) at 2. The defendant's answer admits that the plaintiff has exhausted her administrative remedies, but asserts that this court lacks jurisdiction over his denial of her request to reopen the earlier application. Answer of Defendant (Docket No. 9) ¶ 4. I agree.

This court has dealt with this issue several times.[1] The basic legal principles are well established. The governing statute, 42 U.S.C. § 405(g), provides, in relevant part, that "any final decision of the Commissioner of Social Security made after a hearing" is reviewable in the

---

[1] In past cases, the commissioner has filed a motion to dismiss such appeals. *E.g., Foulke v. Social Sec. Admin. Comm'r*, No. 1:11-cv-40-GZS, 2011 WL 1656437 (D. Me. Apr. 29, 2011); *Freese v. Astrue,* No. 07-1-P-S, 2007 WL 2710341 (D. Me. Sept. 12, 2007); *Duckworth-Bubar v. Barnhart,* No. 04-177-B-W, 2005 WL 174835 (D. Me. Jan. 27, 2005); *Eastman v. Barnhart,* No. 02-1-B, 2002 WL 1303017 (D. Me. June 12, 2002). He has not done so in this case.

1

district court.  *See also Califano v. Sanders*, 430 U.S. 99, 108 (1977).  In turn, "the meaning of the term 'final action' has been left to the [commissioner] to flesh out by regulations." *Brittingham v. Barnhart*, No. Civ.A. 02-459-JJF, 2003 WL 22748002, at *3 (D. Del. Nov. 17, 2003) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975), internal quotation marks omitted). Relevant Social Security regulations define administrative actions that are "not subject to judicial review" to include denying a request to reopen an earlier adjudication.  20 C.F.R. §§ 404.903(l), 416.1403(a)(5); *see also Torres v. Secretary of Health & Human Servs.*, 845 F.2d 1136, 1138 (1st Cir. 1988).

"[T]he opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [commissioner's] regulations and not by the Social Security Act." *Sanders*, 430 U.S. at 108.  Denial of a request to reopen a claim for benefits generally is not subject to judicial review absent a colorable constitutional claim.  *Torres*, 845 F.2d at 1138.

If her itemized statement is read indulgently, the plaintiff here makes a constitutional claim of violation of her right to due process, Itemized Statement at 5, but she fails to do more than mention such a claim.  She does not identify the basis for her due process claim, as, for example, inadequate notice of denial of the closed application, or inability to understand or take action on a notice of denial due to mental impairment.  The mere denial of a request to reopen a claim does not entitle a claimant to judicial review.  *Sanders*, 430 U.S. at 108.

To the extent that the plaintiff means for the cases cited in her itemized statement to support her constitutional claim, they do not.  Both *Steele v. Astrue*, Civil No. 09-548-P-H, 2010 WL 4412111 (D. Me. Oct. 31, 2010), and *Bowring v. Social Sec. Admin. Comm'r*, Civ. No. 1:09-cv-573-JAW, 2010 WL 3780982 (D. Me. Sept. 21, 2010), dealt with a plaintiff's failure to file a

timely appeal of the denial of an application for benefits, which is not asserted as the basis of the plaintiff's claim here. Furthermore, the interpretation of Social Security Ruling 91-5p, which addresses the concept of good cause for missing the deadline to request review, is also not the asserted basis of the plaintiff's claim here.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's denial of the plaintiff's request to reopen her earlier application for benefits be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge